UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JENER MOLERO GUTIERREZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:26-cv-00075-MPB-MJD |
| | ) |
| KRISTI NOEM Secretary, U.S. Department of Homeland Security, | ) |
| PAMELA BONDI U.S. Attorney General, | ) |
| BRISON SWEARINGEN Sheriff, Head of the Clay County Justice Center, | ) |
| SAMUEL OLSON Field Office Director of Enforcement and Removal Operations, Chicago Field Office, Immigration and Customs Enforcement, | ) |
| U.S. DEPARTMENT OF HOMELAND SECURITY, | ) |
| EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, | ) |
| | ) |
| Respondents. | ) |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Jener Molero Gutierrez is detained at the Clay County Justice Center under the authority of Immigration and Customs Enforcement ("ICE"). Mr. Molero Gutierrez now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody or a bond hearing pursuant to 8 U.S.C. § 1226(a). Dkt. 1 at 8.

For the reasons explained below, the Court grants the petition to the extent that no later than **5:00 p.m. on February 18, 2026**, Respondents must either: (1) afford Mr. Molero Gutierrez an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Molero Gutierrez from custody, under reasonable conditions of supervision.

1

I.   **Background**

Mr. Molero Gutierrez is a Colombian citizen. Dkt. 1 ¶ 23. He entered the United States without inspection or admission through Texas in 2023. Dkt. 6-1 at 5. On May 5, 2023, the Department of Homeland Security ("DHS") issued Mr. Molero Gutierrez a Notice to Appear. Dkt. 6-1 at 1. ICE arrested Mr. Molero Gutierrez as he was checking in with U.S. Citizenship and Immigration Services on January 21, 2026. Dkt. 1 ¶ 23; dkt. 6-1 at 5. The narrative from the arrest states that an I-200 Warrant of Arrest of Alien form was issued. Dkt. 6-1 at 5.

The Notice to Appear charges Mr. Molero Gutierrez with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." *Id.* at 1 The "arriving alien" checkbox is unmarked. *Id.*

II.   **Discussion**

Mr. Molero Gutierrez claims that his current detention violates the Immigration and Nationality Act ("INA"). Dkt. 1 ¶¶ 30–44. Respondents argue that Mr. Molero Gutierrez is lawfully detained under the INA pursuant to 8 U.S.C. § 1225(b)(2)(A); that, in the alternative, he is lawfully detained under the INA pursuant to 8 U.S.C. § 1226(a) because he will have the opportunity to receive a hearing; and that his continued detention is reasonable. Dkt. 6.

The Court finds that Mr. Molero Gutierrez's detention is governed by § 1226(a) and that it is unlawful because he has not been afforded a bond hearing. Because Mr. Molero Gutierrez is entitled to habeas corpus relief on these grounds, the Court does not address Petitioner's other arguments.[1]

---

[1] Specifically, Mr. Molero Gutierrez argues that he is a class member entitled to relief through the declaratory judgment the Central District of California issued in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM. In that case, the district court certified a class under Federal Rule 23(b)(2) that seemingly would include Petitioner and held that DHS's widespread application of § 1225(b)(2) was

### A. 8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States .... [T]he Attorney General—
>
>> (1) may continue to detain the arrested alien; and
>>
>> (2) may release the alien on—
>>
>>> (A) bond . . . ; or
>>>
>>> (B) conditional parole . . . .

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that

---

contrary to the INA, vacating DHS's Policy under the Administrative Procedure Act, and entering final judgment. *Bautista v. Santacruz*, 2025 WL 3713981, *32 (C.D. Cal. Dec. 18, 2025). The applicability of *Maldonado Bautista* to resolve habeas actions outside the Central District of California is unclear. In *Trump v. J.G.G.*, the Supreme Court reiterated that (a) any claim implying the invalidity of the claimant's custody "must be brought in habeas corpus," and (b) habeas jurisdiction lies only with the district where the claimant is confined. 604 U.S. 670, 671–72 (2025) (applying *Nance v. Ward*, 597 U.S. 159, 167 (2022); *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). Because the Court finds that Petitioner is entitled to habeas relief, it need not resolve whether he is entitled to relief under *Maldonado Bautista*.

aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens

4

subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

### B. Mr. Molero Gutierrez Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)

The record reflects that Mr. Molero Gutierrez is eligible for a bond hearing under § 1226(a).

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Molero Gutierrez who have lived in the interior of the United States for years. *See Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *7 (S.D. Ind. Oct. 11, 2025); *Delgado Avila v. Crowley*, No. 2:25-cv-00533-MPB-MJD, --- F. Supp. 3d ---, 2025 WL 3171175, at *2–4 (S.D. Ind. Nov. 13, 2025). As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice.[2] *See, e.g., Alejandro*, 2025 WL 2896348, at *14-19.

Respondents here cite a smattering of contrary decisions but concede that this Court's previous analysis "control[s] the result in this case should the Court adhere to the legal reasoning in those prior decisions." Dkt. 6 at 1. Respondents offer no binding authority in the other direction, and the Court declines to depart from its previous reasoning.[3]

---

[2] The Court incorporates by reference its more fulsome statutory interpretation of 8 U.S.C. §§ 1226 and 1225 and corresponding analysis of the circumstances to which those statutes apply.

[3] Respondents offer a passing reference to *Cruz Rodriguez v. Olson*, No. 1:25-cv-12961, 2025 WL 3672856 (N.D. Ill. Dec. 17, 2025), withdrawn & superseded, 2026 WL 63613 (N.D. Ill. Jan. 8, 2026), which the Court addresses specifically due to its recency and its issuance from within the Seventh Circuit. *See* dkt. 7 at 2. *Cruz Rodriguez* offers a thorough and thoughtful analysis of §§ 1225 and 1226 and concludes that *both* provisions apply to certain aliens apprehended inside the United States. *See Cruz Rodriguez*, 2025 WL 3672856, at *7 ("Sections 1225(b)(2) and 1226 have different, but overlapping, scopes."). This Court finds that logic problematic for reasons expressed in previous decisions. Regardless, this Court joins another

Accordingly, the Court concludes that Mr. Molero Gutierrez is entitled to a bond hearing under § 1226, and it declines to reach his other arguments.

### C. Opportunity for Bond Hearing

In the alternative, Respondents argue that Mr. Molero Gutierrez is being lawfully detained under § 1226a "because he will have the opportunity to receive a hearing before an Immigration Judge." Dkt. 6 at 13. Respondents therefore argue that this Court does not have jurisdiction over this matter due to § 1226(e), which states:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

*Id.* (quoting 8 U.S.C. § 1226(e)).

There is no evidence, however, that Mr. Molero Gutierrez will have a bond hearing. In fact, Respondents contend that Mr. Molero Gutierrez is ineligible for a bond hearing. Because an immigration judge has not "denied" or "revoked" bond, § 1226(e) does not have any bearing on this petition. Mr. Molero Gutierrez has not had an opportunity to meaningfully request and receive an individualized bond hearing. Thus, his detention pursuant to § 1226(a) is currently unlawful.

### III. Scope of Relief

Mr. Molero Gutierrez is entitled to habeas relief because his continued detention without a bond hearing violates ". . . the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The

---

jurist from the Northern District of Illinois in deferring to *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–61 (7th Cir. Dec. 11, 2025), as highly persuasive, directly applicable authority from a superior tribunal on a pure question of law. *See Morales Perez*, No. 1:25-CV-14995, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026). Additionally, the Fifth Circuit recently decided that "seeking admission" is not limited to "arriving" noncitizens. *Buenrostro-Mendez v. Bondi*, No. 25-20496, --- F.4th ---, 2026 WL 323330, at *4 (5th Cir. Feb. 6, 2026). Again, the Court defers to the Seventh Circuit's persuasive decision in *Castañon-Nava*.

remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Mr. Molero Gutierrez requests immediate release from custody or, in the alternative, an individualized bond hearing. Dkt. 1 at 8. Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thursaissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Mr. Molero Gutierrez's immediate release and instead orders Respondents to provide him an individualized bond hearing as required by § 1226(a) and its regulations.

### IV. Conclusion

The Court grants the petition to the extent that no later than **5:00 p.m. on February 18, 2026**, Respondents must either: (1) provide Mr. Molero Gutierrez with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Corzo Martinez from custody, under reasonable conditions of supervision. No later than **12:00 p.m. on February 20, 2026**, Respondents must file documentation certifying that they have provided Mr. Molero Gutierrez with a bond hearing, including apprising the Court of the results of the hearing. If Respondents release Mr. Molero Gutierrez, then they must file documentation certifying his release.

Mr. Molero Gutierrez's request for attorney's fees and costs under the Equal Access to Justice Act, 8 U.S.C. § 2412, must be presented in a proper motion under Federal Rule of Civil Procedure 54(d) and Local Rule 54-1. Any such motion and accompanying brief should be filed **within 14 days** of the date of this Order. Thereafter, Respondents will have **14 days** to respond.

The **clerk is directed** to enter final judgment.

**IT IS SO ORDERED.**

Dated: February 13, 2026

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

Rachel Dever
Church Church Hittle and Antrim
rdever@cchalaw.com

Michael Ortiz Cruz
OC Law LLC
michael.ortiz.cruz@gmail.com

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov